# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELEON LUCIUS LANCASTER,** | : | CIVIL ACTION NO. 1:16-CV-2562 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **ICE/HOMELAND SECURITY,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 5th day of June, 2017, upon consideration of the report (Doc. 16) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court grant the petition (Doc. 1) for writ of habeas corpus filed by petitioner Deleon Lucius Lancaster ("Lancaster") and order an individualized bond hearing for Lancaster within thirty days in accordance with the Third Circuit's decision in Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 478 (3d Cir. 2015), and it appearing that no party has objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d t 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d

465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court being in full agreement with Judge Saporito's recommendation except to the extent that, in light of the duration of Lancaster's extant detention, the court finds that any detention hearing must be conducted within three weeks rather than thirty days, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The report (Doc. 16) of Magistrate Judge Saporito is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus is GRANTED insofar as it seeks an individualized bond hearing.

3. An immigration judge shall conduct an individualized bond hearing within twenty-one (21) days of the date of this order.

4. At the hearing ordered in paragraph 3, the immigration judge shall make an individualized inquiry into whether detention remains necessary to fulfill the purposes of ensuring that Lancaster attends removal proceedings and that his release will not pose danger to the community in accordance with Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 474 (3d Cir. 2015).

5. At this hearing, the government shall bear the burden of presenting evidence and proving that continued detention remains necessary to fulfill the purposes of the detention statute. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011).

6. The parties shall report to the court the outcome of the individualized bond hearing within seven (7) days after the immigration judge's hearing.

7. The Clerk of Court is directed to close this case.

8. If the immigration judge fails to convene an individualized bond hearing within twenty-one (21) days of the date of this order, the court will reopen this case and conduct its own individualized bond hearing under the standards governing bail in habeas corpus proceedings.

          /S/ C<span></span>HRISTOPHER C. C<span></span>ONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania